# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50897
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL URIAS CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-45-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Israel Urias Castro appeals the within-guidelines sentence that he received following his jury conviction for conspiring to distribute and to possess with intent to distribute cocaine. Castro argues that his sentence is substantively unreasonable because he was entitled to a downward variance to avoid an unwarranted disparity between his sentence and those of his codefendants.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50897

Castro did not object to the sentence after the district court imposed it, so we review for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under plain error review, Castro has the burden of demonstrating a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 135.

Castro's claim that the presumption of reasonableness accorded within-guidelines sentences should not apply in his case because U.S.S.G. § 2L1.2(b) lacks an empirical basis is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). As for his contention that his guidelines sentence is substantively unreasonable, Castro has not established that an unwarranted disparity in the sentences exists, *see United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766-67 (5th Cir. 2008), or that the district court failed to consider his personal characteristics. His disagreement with the district court's balancing of the 18 U.S.C. § 3553(a) factors is insufficient to establish error on the part of the district court. *See United States v. Gomez–Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, he has not shown that his sentence is substantively unreasonable and has not established that the district court committed plain error. *See Gall v. United States*, 552 U.S. 38, 51 (2007), *Peltier*, 505 F.3d at 392.

AFFIRMED.